IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ROBERT PORTER, an individual,

                Plaintiff,

v.                                              CIVIL ACTION NO.   3:14-26583

WEST VIRGINIA REGIONAL JAIL &
CORRECTIONAL FACILITY AUTHORITY,
an agency of the State of West Virginia;
MIKE CLARK, in his individual and official
capacity as the Administrator of the Western
Regional Jail;
PRIMECARE MEDICAL OF WEST VIRGINIA,
INC., a West Virginia Corporation;
UNIDENTIFIED NURSES, individuals; and
UNIDENTIFIED CORRECTIONAL OFFICERS,
individually and in their official capacity as
correctional officers at Western Regional Jail; and
DOES 1 through 20, inclusive,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the following motions: (1) Motion to Dismiss on Behalf of Defendant West Virginia Regional Jail & Correctional Facility Authority and Defendant Mike Clark, ECF No. 12; (2) Motion to Dismiss Complaint and Alternative Motion for Summary Judgment by Defendant, PrimeCare Medical of West Virginia, Inc., ECF No. 18; (3) Plaintiff's Motion to Amend Complaint, ECF No. 22; and Defendants', Unidentified Correctional Officers and Does 1 through 20, Motion to Dismiss, ECF No. 62.  For the following reasons, the Court **GRANTS, in part,** and **DENIES, in part**, the Motion to Dismiss on behalf of Defendant West Virginia Regional Jail & Correctional Facility Authority and Defendant Mike Clark; **GRANTS**

PrimeCare's Motion to Dismiss the § 1983 action against it; **GRANTS** Plaintiff's Motion to Amend Complaint; and **DIRECTS** further briefing on Defendants', Unidentified Correctional Officers and Does 1 through 20, Motion to Dismiss.

## I.
## FACTUAL ALLEGATIONS

On October 8, 2014, Plaintiff Robert Porter filed a Complaint against Defendants alleging he received inadequate medical care while he was an inmate at the Western Regional Jail (WRJ), which is operated by Defendant West Virginia Regional Jail & Correctional Facility Authority (WVRJCFA). At the time, Defendant PrimeCare Medical of West Virginia, Inc. (PrimeCare) was a contractor proving medical care at the WRJ and Defendant Mike Clark was the Administrator of the WRJ. In his Complaint, Plaintiff alleges that he was arrested and booked at the WRJ on Friday, October 19, 2012. When he was booked, Plaintiff asserts he told two nurses he was on several prescription medications to treat atrial flutter. According to Plaintiff, one of the nurses told him she would have to contact the local Veterans Administration Hospital before he could be given his prescription medication, at which time, the other nurse stated "'well good luck with that.'" *Compl*. at ¶13. Plaintiff further asserts that he also told several unidentified correctional officers that he was not receiving his medication. Plaintiff alleges that nothing was done to provide him with his medication and his condition deteriorated.

By Monday, October 22, 2012, Plaintiff states he was dizzy, short of breath, and had pain on the left side of his chest. As a result, Plaintiff was taken to St. Mary's Medical Center and was diagnosed with "'Atrial flutter, needing ablation'" and an echocardiogram "revealed that his left atrium was moderately dilated and his right atrium was moderately to severely dilated." *Id*. at ¶21. It is written in Plaintiff's medical chart that he told his doctor he was not provided his

medication while incarcerated until that day. On Friday, October 26, 2012, Plaintiff was discharged from the hospital, and he was released from custody at the same time. Plaintiff asserts he is still recovering from the lapse in his medication.

In his Complaint, Plaintiff alleges four causes of action. First, Plaintiff asserts a claim of Outrage/Reckless Infliction of Emotional Distress against the WVRJCFA, Mike Clark, the unidentified nurses and correctional officers, and Does 1 through 5. Second, he alleges negligence on the part of the WVRJCFA, Mike Clark, and Does 6 through 10. Third, Plaintiff asserts a claim of premises liability against the WVRJCFA, Mike Clark, and Does 11 through 15. Lastly, Plaintiff alleges a claim under 42 U.S.C. § 1983 against the WVRJCFA, Mike Clark, the unidentified nurses and correctional officers, Does 16 through 20, and PrimeCare. Plaintiff seeks damages within the limits of the WVRJCFA's insurance limits.

The WVRJCFA and Mike Clark filed their motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and PrimeCare filed its motion to dismiss solely under Rule 12(b)(6).[1] A motion filed pursuant to Rule 12(b)(1) challenges the subject matter jurisdiction of the court, *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982), while a 12(b)(6) motion tests the sufficiency of a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1]In the alternative, PrimeCare also seeks summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. However, the Court need not reach that argument.

## II.
## DISCUSSION

### A.
### The Eleventh Amendment

As an initial matter, the WVRJCFA, which is a State agency, and Mike Clark, in his official capacity, assert the Complaint must be dismissed under the Eleventh Amendment of the United States Constitution because it seeks retroactive monetary damages.[2] Plaintiff responds, however, that West Virginia waives sovereign immunity to the extent a plaintiff seeks to recover under the State's liability insurance policy, which is what he has done here.

The Eleventh Amendment bars suits by private citizens in federal courts against States or State officials, if a judgment may be paid from public funds in a State's treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979) (citations omitted). As this Court recently stated in a similar action filed against the WVRJCFA, "[i]t is well established that the WVRJCFA is an agency or 'arm of the state' that is protected by Eleventh Amendment immunity." *Carroll v. W. Va. Reg'l Jail & Corr. Fac. Auth.*, Civ. Act. No. 3:14-17012, 2015 WL 1395886, at *2 (S.D. W. Va. Mar. 25, 2015);[3] *see also Roach v. Burke*, 825 F. Supp. 116, 117-18 (N.D. W. Va. 1993) (conclusively finding that the WVRJCFA is "in effect, the State"). In addition, this Court stated in *Carroll*, that

---

[2]"The Fourth Circuit has not resolved whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or 12(b)(6). The recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)." *Chafin v. W. Reg'l Jail*, No. 3:13-cv-01706, 2013 WL 3716673, *3 (S.D. W. Va. July 12, 2013) (internal quotation marks and citations omitted). What rule to apply makes no difference here because the Court has relied solely on the pleadings and has construed them in the light most favorable to Plaintiff.

[3]Mr. Carroll was represented by the same counsel who filed this action on behalf of Mr. Porter.

"[a]n individual who is employed by the WVRJCFA and is 'sued in his official capacity is also immune from suit in federal court under the Eleventh Amendment.'" *Id*. (quoting *Cantley v. W. Va. Reg'l Jail & Corr. Fac. Auth.*, 728 F. Supp.2d 803, 818 (S.D. W. Va. 2010) (other citations omitted)). Although there are three narrow exceptions to the Eleventh Amendment, none of these exceptions apply to this case.

In *Thompson v. West Virginia Regional Jail/Correctional Authority*, Civ. Act. No. 3:13-1897, 2013 WL 3282931 (S.D. W. Va. June 27, 2013), this Court noted that the first exception applies when a State waives its right to immunity and consents to being sued. 2013 WL 3282931, at *4 (citing *Lapides v. Bd. of Regents Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002)). As in *Carroll*, there is no evidence in this case that West Virginia has waived its right to Eleventh Amendment immunity. *See Carroll*, 2015 WL 1395886, at *2.

"Second, 'Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and "act[s] pursuant to a valid grant of constitutional authority."'" *Thompson*, 2013 WL 3282931, at *5 (quoting *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (other citations omitted)). Here, the only federal statute at issue is 42 U.S.C. § 1983, which does not abrogate immunity under the Eleventh Amendment. *Carroll*, 2015 WL 1395886, at *2 (citing *Quern*, 440 U.S. at 341); *see also Thompson*, 2013 WL 3282931, *5 (stating it is well-settled that Congress did not abrogate Eleventh Amendment immunity in the context of an action brought pursuant to § 1983).

Third, "'the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law.'" *Id.* (quoting *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex Parte Young*, 209 U.S. 123 (1908))). Here, as in *Carroll*, Plaintiff has sued the WVRJCFA and Mike Clark for monetary damages. As the WVRJCFA is not a "state official," the third exception does not apply because it is barred irrespective of the relief sought. *Thompson*, 2013 WL 3282931, *5; *Carroll*, 2015 WL 1395886, at *2 (finding the exception does not apply to the WVRJCFA). In addition, this exception does not apply to Mike Clark in his official capacity because Plaintiff seeks monetary damages and the exception only applies "'to prospective relief, [and] does not permit judgments against state officers declaring that they violated federal law in the past[.]'" *Thompson*, 2013 WL 3282931, *5 (quoting *Puerto Rico Aqueduct and Sewer Auth., v. Metcalf & Eddy*, 506 U.S. 139, 146 (1993) (internal quotation marks omitted)). Accordingly, as this Court found in *Carroll*, both the WVRJCFA and Mike Clark, in his official capacity, are immune from suit under the Eleventh Amendment and, therefore, the Court **GRANTS** the Motion to Dismiss all claims against the WVRJCFA and Mike Clark, in his official capacity. *See Carroll*, 2015 WL 1395886, at *2 (reaching the same result); s*ee also Smith v. W. Va. Reg'l Jail & Corr. Fac. Auth.*,, Civ. Act. No. 3:12-7358, 2013 WL 3788399, *2 (S.D. W. Va. July 18, 2013) (adopting the findings and recommendations of the magistrate judge that determined the WVRJCFA is an arm of the State and immune from suit under the Eleventh Amendment).

### B.
### Outrage/Reckless Infliction of Emotional Distress

In his first cause of action, Plaintiff asserts that the deprivation of his prescription medication constitutes outrage/reckless infliction of emotional distress. To prove a claim of reckless infliction of emotional distress, a plaintiff must show:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syl. Pt. 3, *Travis v. Alcon Laboratories, Inc.*, 504 S.E2d 419 (W. Va. 1998). With respect to the first element, a factfinder "may consider whether the extreme and outrageous character of the conduct arose from an abuse by the defendant of a position or relationship to the plaintiff, which gave the defendant actual or apparent authority over the plaintiff or power to affect the plaintiff's interests." *Id.* at 426 (citation omitted). In this action, Plaintiff states that he told several unidentified correctional officer that he was not given his prescription medication and nothing was done about it. *Compl.* at ¶¶ 14-15. As an initial matter, the Court has no difficulty finding that the correctional officers had authority over Plaintiff. However, the Court questions whether the correctional officers were vested with any power or authority to provide Plaintiff with his prescription medication.[4] In addition, the Court is skeptical that Plaintiff will be able to show any inaction on the part of the unidentified correctional officers that can be characterized as extreme and outrageous. Nevertheless, as this motion was filed early in these proceedings, the Court finds the matter is best reserved for summary judgment following discovery.

Next, Plaintiff must prove that the correctional officers acted with "intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional

---

[4]In fact, the WVRJCFA and Mike Clark deny all responsibility in administering mediation to Plaintiff and assert that responsibility rested with Defendant PrimeCare and the unidentified nurses.

distress would result from his conduct." Syl. Pt. 3, in part, *Travis*. Again, this Court is dubious that Plaintiff will be able to show that the unidentified correctional officers either intended to inflict emotional distress or acted so recklessly that it was certain or substantially certain the Plaintiff would suffer emotional distress. However, as it is plausible that Plaintiff could make such a showing, the Court will not dismiss on this ground.

Third, Plaintiff must show that the actions caused him to suffer emotional distress. Plaintiff alleges that, as a result of him not receiving his medication, his condition deteriorated to the point he needed hospitalization. He further claims that he suffered and continues to suffer emotional distress because of his physical injury. Certainly, Plaintiff plausibly meets this element under the facts alleged.

Fourth, Plaintiff must demonstrate his emotional distress was "'so severe that no reasonable person could be expected to endure it. Severe emotional distress includes (but is not limited to) such reactions as mental suffering and anguish, shock, fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea.'" *Carroll*, 2015 WL 1395886, at *4 (quoting *Travis*, 504 S.E.2d at 430). In this action, Plaintiff alleges he suffered severe emotional distress because he suffered physical injury and hospitalization as a result of not receiving his medication. Thus, the Court finds Plaintiff's allegations are sufficient to meet this element for purposes of a motion to dismiss.

Although these allegations are directed to the acts of the unidentified correctional officers, West Virginia law provides that the "intentional or reckless acts of an employee or

supervisor may be imputed to the employer, if those acts were committed within the scope of employment." *Travis*, 504 S.E.2d at 431. Therefore, as the alleged acts of the unidentified correctional officers appear to have been committed within the scope of their employment, the Complaint is sufficient to state a plausible claim against Mike Clark, in his individual capacity, for reckless infliction of emotional distress. *Carroll*, 2015 WL 1395886, at *4 (reaching same conclusion). Thus, the Court **DENIES** the motion to the extent it seeks to dismiss this claim against Mike Clark in his individual capacity.

## C.
## Negligence

In his negligence count, Plaintiff alleges Mike Clark owed a legal duty to Plaintiff to operate and control the jail in a reasonable and safe manner and comply with applicable laws and safety standards.[5] Plaintiff asserts Mike Clark violated these duties in a series of ways, including, but not limited to, failing to supervise and train employees; failing to take steps to provide a safe environment; failing to adhere to safety protocols, regulations, and industry standards; failing to maintain competent staff; and failing to focus on inmate health. In order to prevail on his claim, Plaintiff must show (1) he was owed a duty of care; (2) the duty was breached; (3) the breach was the cause of an injury; and (4) he suffered damages. *Id*. (citing *Browning v. Halle*, 632 S.E.2d 29, 32 (W. Va. 2005)).

As in *Carroll*, the Court has no difficulty finding that Mike Clark, as the Administrator of the jail, owed Plaintiff a duty. *See id.* (finding as the plaintiff was taken into custody and placed under the authority of Mike Clark, as the jail administrator, Mike Clark owed

---

[5]Also named in this cause of action is the WVRJCFA and Does 6 through 10.

the plaintiff a duty to protect him against an unreasonable risk of physical harm). Likewise, the Court finds that Plaintiff has alleged sufficient facts that a reasonable factfinder could determine he breached his duty, and such breach was the actual or proximate cause of his injuries and damages. Therefore, the Court finds Plaintiff has set forth sufficient allegations to state a plausible claim of negligence and **DENIES** the motion to dismiss this claim against Mike Clark in his individual capacity.

## D.
## Premises Liability

Plaintiff's third cause of action is for premises liability. Under this negligence theory, the owner or possessor of premises may be found liable if there is a hazard on the premises that causes the plaintiff harm. *Id.* at *6 (citing *Hersh v. E-T Enters., Ltd. P'ship*, 752 S.E2d 336, 338-39 (W. Va. 2013)).[6] However, an owner or possessor of property "'is not an insurer of the safety of every person present on the premises[.]'" *Id*. (quoting *Hersh*, 752 S.E.2d at 349). "'If the owner or possessor is not guilty of negligence or willful or wanton misconduct and no nuisance exists, then he or she is not liable for injuries sustained by a person on the premises.'" *Id*. (quoting *Hersh*, 752 S.E.2d at 349).

In this case, Plaintiff asserts that the WVRJCFA, Mike Clark and Does 11 through 15 failed to operate and maintain the premises in a manner consistent with statutes, regulations, customs, and industry standards as to providing reasonable healthcare. However, premises liability typically involves some form of hazard, danger or nuisance on property causing an injury,

---

[6]*Superseded by statute on other grounds*, *Tug Valley Pharm., LLC v. All Pls' below in Mingo Cnty.*, 773 S.E.2d 627, 635 n.12 (W. Va. 2015).

and Plaintiff's allegations do not fall within these parameters. In addition, Plaintiff cites no cases, and the Court did not find any cases, to support his theory that a failure to provide medication can establish a cause of action for premises liability. Thus, the Court finds that, even assuming the truth of the facts alleged, Plaintiff has failed as a matter of law to state a claim of premises liability and **DISMISSES** this cause of action against all Defendants named therein.[7]

### E.
### 42 U.S.C. § 1983

Plaintiff's last cause of action alleges Defendants acted with deliberate indifference to Plaintiff's medical needs and deprived him of medically necessary medications, which infringed upon his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution. At the time of Plaintiff's incarceration, he was a pretrial detainee. As a pretrial detainee, "'the protections afforded by the Due Process Clause of the Fourteenth Amendment, and not those afforded by the Eighth Amendment, apply.'" *Id.* at *6 (quoting *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 250 (4th Cir. 2005)). Nevertheless, the standard for deliberate indifference is the same under both amendments. *Id.* (citations omitted).

In order to show deliberate indifference pursuant to 42 U.S.C. § 1983, a plaintiff must establish: "(1) a deprivation of the plaintiff's rights by the defendant that is, objectively, 'sufficiently serious' and (2) that the defendant's state of mind was 'one of "deliberate indifference" to inmate health or safety.'" *Id.* (citations omitted). To prove "deliberate indifference," a plaintiff must demonstrate "that the defendant actually knew of and disregarded a

---

[7]Although the Court already found the WVRJCFA and Mike Clark, in his official capacity, must be dismissed on Eleventh Amendment grounds, this analysis constitutes an additional ground the premises liability claim must be dismissed against them.

substantial risk of serious injury to the detainee." *Id*. (citations and internal quotation marks omitted). In this regard, there are two requirements a plaintiff must meet. First, a plaintiff must demonstrate "the defendant was aware of the facts that indicated a substantial risk of serious harm to inmate safety. It is not enough that the officer[] should have recognized it; [he] actually must have perceived the risk." *Id*. (internal quotation marks and citation omitted). Second, a defendant must be "subjectively aware that his actions were inappropriate in light of the risk to inmate safety." *Id*. (internal quotation marks and citation omitted).

With respect to Plaintiff's claims against Mike Clark under § 1983, liability only can be imposed for his own actions and not based upon a theory of *respondeat superior*. *Id.* (citations omitted). As this Court explained in *Carroll*, to prove that Mike Clark violated § 1983 under a theory of supervisory liability, Plaintiff must prove:

> "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices[]; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks and citations omitted in *Carroll*)). Similar to *Carroll*, Plaintiff in this case has failed to allege that Mike Clark had actual or constructive knowledge that those who were administering medications were failing to do so on a widespread or repetitive basis resulting in an unreasonable risk of constitutional harm to inmates at the facility. In addition, there are no allegations as to how Mike Clark responded to any alleged practice or, for that matter, how he responded to the allegation that Plaintiff was not given his medication. Accordingly, the Court finds that Plaintiff's allegations

are insufficient as a matter of law to assert a claim under § 1983 against Mike Clark. Therefore, the Court **GRANTS** the motion to dismiss the § 1983 action against Mike Clark.

PrimeCare also moves to dismiss Plaintiff's claim that it violated § 1983. As a contracted medical provider for the WVRJCFA, PrimeCare also is subject to the deliberate indifference standard. *See Mullins v. PrimeCare Med., Inc.*, Civ. Act. No. 2:12-cv-05825, 2014 WL 1260378, at *8 (S.D. W. Va. Mar. 27, 2014) (stating "[b]ecause PrimeCare is a contracted medical provider for the WVRJCFA, a state agency, the deliberate indifference standard is applicable to the conduct of PrimeCare and its employees" (citation omitted)). As *respondeat superior* does not apply under § 1983, "'[a] private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights.'" *Id.* (quoting *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (emphasis in original)).

In this case, Plaintiff has not alleged any official policy or custom of PrimeCare that results in deprivations of inmates' federal rights. In fact, Plaintiff's only accusation against PrimeCare is a conclusory statement that it deprived him of his prescription medication and it employed the unidentified nurses. *Compl.* at ¶¶ 5 & 45. Thus, as Plaintiff has failed to allege sufficient facts to state a plausible claim, the Court **GRANTS** PrimeCare's motion to dismiss the § 1983 action against it. *See Rowe v. PrimeCare Med. of W. Va., Inc.*, Civ. Act. No. 3:04-1246, 2009 WL 3063429, at *2 (S.D. W. Va. Sept. 21, 2009) (holding PrimeCare cannot be held liable under § 1983 merely because it employed healthcare workers who treated the plaintiff); *cf Little v.*

*Tygarts Valley Reg'l Jail*, Civ. Act. No. 5:12-cv-148, 2013 WL 5744780, *2 (N.D. W. Va. Oct. 23 2013) (concluding PrimeCare is not a "person" under § 1983 and, thus, not a proper defendant).

## F.
## Motion to Amend Complaint

After the motions to dismiss were filed, Plaintiff filed a Motion to Amend his Complaint. ECF No. 22. In his motion, Plaintiff asserts that, after he filed the original Complaint, he received medical records from PrimeCare which necessitate him filing an Amended Complaint. In comparing the original Complaint to the proposed Amended Complaint, it appears that Plaintiff seeks to add some new factual allegations regarding his medical care and his condition. He also now knows the names of two of the nurses who worked for PrimeCare and adds them as Defendants to his first, second, and fourth causes of action. In addition, he adds PrimeCare to his second cause of action for Negligence.

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits amendment of a complaint after a responsive pleading has been filed "with the opposing party's written consent or the court's leave" and leave should be freely given "when justice so requires." For good cause shown, the Court **GRANTS** Plaintiff's motion. However, the proposed Amended Complaint does not change the Court's analysis that the WVRJCFA and Mike Clark, in his official capacity, are immune from suit under the Eleventh Amendment and that Plaintiff has failed to state a claim for premises liability and under § 1983 against Mike Clark, in his individual capacity, and against PrimeCare. Thus, those claims remain dismissed despite the Court's decision to grant Plaintiff's Motion to Amend.

## G.
## Unidentified Correctional Officers and
## Does 1 through 20's Motion to Dismiss

Lastly, on August 28, 2015, Defendants, Unidentified Correctional Officers and Does 1 through 20, filed a Motion to Dismiss. Plaintiff has not responded to the motion. Although the Court is permitting Plaintiff to file an Amended Complaint, the Court will not require the Unidentified Correctional Officers and Does 1 through 20 to refile their motion. Instead, the Court **DIRECTS** Plaintiff to file a Response **on or before October 2, 2015**, stating whether or not he objects to the dismissal of these Defendants. The Unidentified Correctional Officers and Does 1 through 20 shall have until **on or before October 9, 2015,** to file a Reply, in any.

## III.
## CONCLUSION

For the foregoing reasons, the Court **GRANTS, in part,** and **DENIES, in part**, the Motion to Dismiss on behalf of Defendant West Virginia Regional Jail & Correctional Facility Authority and Defendant Mike Clark. ECF No. 12. Specifically, all the claims against the West Virginia Regional Jail & Correctional Facility Authority and Mike Clark, in his official capacity, are **DISMISSED**, the third cause of action based upon premises liability is **DISMISSED** as to all Defendants identified therein, and the fourth cause of action under § 1983 filed against Mike Clark, in his individual capacity, is **DISMISSED**. The first and second causes of action against Mike Clark, in his individual capacity, remain pending. In addition, the Court **GRANTS** PrimeCare's Motion to Dismiss the § 1983 action against it. ECF No. 18.[8] However, as PrimeCare is named in the second cause of action for negligence in the Amended Complaint, PrimeCare remains a

---

[8] As the Court grants PrimeCare's motion to dismiss, the Court need not address PrimeCare's alternative motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

party to this action.  The Court further **GRANTS** Plaintiff's Motion to Amend Complaint (ECF No. 22), with the understanding that the above rulings apply with equal force to the Amended Complaint as they did to the original Complaint.  Lastly, the Court **DIRECTS** Plaintiff to file a Response to Defendants', Unidentified Correctional Officers and Does 1 through 20, Motion to Dismiss (ECF No. 62) **on or before October 2, 2015**, stating whether or not he objects to the dismissal of these Defendants.  The Unidentified Correctional Officers and Does 1 through 20 shall have until **on or before October 9, 2015,** to file a Reply, in any.

        The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:        September 28, 2015

        _____
        ROBERT C. CHAMBERS, CHIEF JUDGE