# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

ROBERT PORTER, an individual,

                Plaintiff,

v.                                                                         CIVIL ACTION NO.   3:14-26583

MIKE CLARK, in his individual capacity;
PRIMECARE MEDICAL OF WEST VIRGINIA,
INC., a West Virginia Corporation;
UNIDENTIFIED NURSES, individuals; and
AMANDA SHAW, LPN, in her individual and
official capacity as a nurse working at
Western Regional Jail for PrimeCare Medical of
West Virginia, Inc.; and
JENNIFER HATFIELD, Medical Assistant,
in her individual and official Capacity as a
medical assistant working at Western Regional Jail
for PrimeCare Medical of West Virginia, Inc.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are three motions: (1) Motion for Summary Judgment by Defendant, Mike Clark, in his Individual Capacity (ECF No. 70); (2) Motion to Dismiss Amended Complaint by Defendant PrimeCare Medical of West Virginia, Inc. (ECF No. 72); and (3) Motion to Dismiss Amended Complaint and Alternative Motion for Summary Judgment by Defendants, Jennifer Hatfield and Amanda Shaw. ECF No. 82.   On January 11, 2016, the Court held a Pretrial Conference and heard arguments on the motions.   Upon review, the Court **GRANTS** Defendants' motions for the following reasons.

In his Amended Complaint, Plaintiff Robert Porter alleges he received inadequate medical care while he was an inmate at the Western Regional Jail (WRJ). At the time, Defendant PrimeCare Medical of West Virginia, Inc. (PrimeCare) was a contractor proving medical care at the WRJ, and Defendant Mike Clark was the Administrator of the WRJ. Plaintiff states he was booked at the WRJ during the evening of Friday, October 19, 2012. When he was booked, Plaintiff underwent a Health Screening Assessment. Plaintiff asserts he told two nurses he was on several prescription medications to treat atrial flutter, and he had those medications with him. Per PrimeCare policy, the medication was taken from Plaintiff, and he was told it could not be dispensed until the prescriptions were verified by the prescriber. The parties dispute whether Plaintiff ever received his medication at the WRJ.

On Monday, October 22, 2012, Plaintiff states he was dizzy, short of breath, and had pain on the left side of his chest. An EKG was performed at the WRJ, which was abnormal and showed atrial flutter. As a result, Plaintiff was taken by ambulance to St. Mary's Medical Center. His blood pressure was 75/43 and bradycardic with a heart rate of 41. Plaintiff underwent an ablation to treat his atrial flutter on October 31, 2012.

Plaintiff's outstanding claims against the remaining Defendants arise from his assertion that Defendants were negligent in his treatment and care and deliberately indifferent to his medical needs, in violation of the Eighth Amendment to the United States Constitution. However, Plaintiff has no evidence to establish that any failure to provide him his medication proximately caused his medical condition. In fact, the only medical evidence with respect to causation is the written opinion and affidavit of defense expert, Terrence C. Ross, M.D., a board-

certified physician in both interventional cardiology and electrophysiology. Dr. Ross opined that Plaintiff was experiencing the typical natural history of atrial flutter and the need for a curative ablation was neither caused by any delay, nor caused by the subsequent administration of Plaintiff's medication.

Although Plaintiff concedes he has no doctor or medical records which indicate his treatment at the WRJ resulted in his need for an ablation, he insists that dismissal and summary judgment are inappropriate because of the timing of the events and his personal belief that it caused his problem. The Court disagrees.

Given the nature of Plaintiff's claim, proximate cause is not self-evident, as is the case, for instance, when someone suffers a broken arm as a result of an automobile accident. Rather, Plaintiff must present evidence to demonstrate causation beyond his personal belief and the timing of the events. Merely having Plaintiff testify that he was not given his medication for a period of time and he thinks it caused his medical problem is insufficient evidence for a reasonable juror to return a verdict in his favor. Plaintiff must offer more than a mere "scintilla of evidence" in support of his position. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986). Here, Plaintiff's self-servicing statements require the jury to speculate, as he does, that his medical problems were proximately caused by Defendants, which is improper. Therefore, as Plaintiff has presented no other evidence, the Court **FINDS** there is no genuine issue as to any material fact and

Defendants are entitled to judgment as a matter of law. Therefore, the Court **GRANTS** summary judgment to Defendants on the remaining claims.[1]

Additionally, the Court finds there is no evidence that the policy of contacting the treatment provider to verify prescription medicine, and the dosage of that medicine, before it is dispensed, violated any duty of care or showed deliberate indifference to Plaintiff's medical needs, as that policy was applied to this situation. Plaintiff offered no expert evidence or evidence from a jail administrator that following this procedure was negligent. In fact, it is likely that the opposite would be true, that is, it would be negligent if medication was distributed to inmates without any confirmation from a treating physician that the prescriptions and dosage are correct. Thus, in addition to the fact Plaintiff cannot establish proximate cause, the Court finds Plaintiff has no evidence of deliberate indifference.

---

[1] Defendants Clark, Hatfield, and Shaw moved for summary judgment. Defendant PrimeCare filed a motion to dismiss. When "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). In this case, discovery was complete when the Pretrial Conference was held, and documents outside the pleadings were submitted for the Court's consideration. Therefore, as the parties were aware that matters outside the pleadings were submitted to the Court and summary judgment motions were pending by the other Defendants, the Court treats Defendant PrimeCare's motion to dismiss as a motion for summary judgment. *See Tuttle v. McHugh*, 457 F. App'x 234, 235 (4th Cir. 2011) ("A district court need not give formal notice of its intent to treat a motion to dismiss as one made under Rule 56, so long as the parties have sufficient notice that the motion could be so construed" and they are given a reasonable opportunity to submit material relevant to the motion).

Accordingly, for the foregoing reasons, the Court **GRANTS** summary judgment in favor of Defendants on the remaining claims. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

    ENTER:    January 15, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE